IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **FULL SERVICE SYSTEMS CORP.** § | | **PLAINTIFF** |
| § | | |
| v. § | | **Civil Action No. 1:06cv113-HSO-JMR** |
| § | | |
| § | | |
| **INNOVATIVE HOSPITALITY** § | | |
| **SYSTEMS, LLC (OF MISSISSIPPI),** § | | |
| **et al.** § | | **DEFENDANTS** |

**<u>ORDER AND REASONS DENYING DEFENDANTS' MOTION FOR DISMISSAL
UNDER FED. R. CIV. P. 12(b)(6), FOR A MORE DEFINITE STATEMENT UNDER
FED. R. CIV. P. 12(e) AND FOR DISMISSAL UNDER FED. R. CIV. P. 12(b)</u>**

BEFORE THE COURT is the Motion [92] of Defendants Innovative Hospitality Systems, LLC (of Mississippi), Innovative Hospitality Systems, LLC (of Louisiana), and Luis De Castro (hereinafter collectively referred to as "IHS"), filed on or about September 28, 2007, reasserting their Motion [20] for Dismissal Under Fed. R. Civ. P. 12(b)(6), for a More Definite Statement Under Fed. R. Civ. P. 12(e) and for Dismissal Under Fed. R. Civ. P. 12(b), which was originally filed on or about April 6, 2006.[1]  Plaintiff filed a Response [99], on or about October 18, 2007. Defendants reasserted their Rebuttal [34], on or about September 28, 2007, which was originally filed on or about May 19, 2006.

After consideration of Defendants' Motion, Plaintiff's Response, Defendants' Rebuttal, and the relevant legal authorities, and for the reasons discussed below,

---

[1] By Court Order [86], dated March 9, 2007, the Court granted a Joint Motion for Continuance in this case.  All pending Motions, including Defendants' Motion [20] herein, were denied as moot subject to the right of parties to reassert the Motions if necessary.  *See* Ct. Order no. 86.

the Court finds that Defendants' Motion must be denied.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff and IHS are both in the business of providing cleaning services to owners and/or operators of large public or semi-public facilities throughout the United States. Such facilities include hotels, casinos, and other venues related to the hospitality industry ("customers").

Customers typically solicit business in the cleaning service industry through a bid process. In the past, both Plaintiff and IHS have competed for the same contracts, which, when secured, require a sizable number of individual workers, ultimately resulting in significant labor and payroll expenses.

In compliance with various tax and labor laws, Plaintiff maintains that it treats its workers as "employees" rather than "independent contractors." Classifying its workers as employees subjects Plaintiff to various financial obligations, such as withholding payroll taxes and paying overtime wages and workers' compensation insurance. Plaintiff asserts that IHS has impermissibly classified its workers as "independent contractors," thereby sidestepping these various financial obligations. As a result, Plaintiff contends that "Defendants have negligently, intentionally and wrongfully obtained an unfair advantage over [it] in competing for cleaning contracts." Pl.'s Resp. at p. 2.

Invoking this Court's diversity jurisdiction, Plaintiff filed its Complaint on or about February 21, 2006, against Defendants IHS Staffing Services, LLC, International Hotel Services Corporation, Hospitality Staffing Solutions, LLC, John

S. King, and IHS, alleging violations of the Mississippi Uniform Trade Secrets Act, tortious interference with business relations, tortious interference with contract, intentional and negligent misrepresentation, negligence, and civil conspiracy. Plaintiff's Complaint sought injunctive relief, punitive damages and attorneys' fees.

The Court entered an Agreed Order [36] on or about June 6, 2006, dismissing Plaintiff's claims against John S. King and severing Plaintiff's claims against Defendants Hospitality Staffing Solutions, LLC, IHS Staffing Services, LLC, and International Hotel Services Corporation into a separate cause of action. *See* Ct. Order no. 36. Following the Court's Order of dismissal and severance, Innovative Hospitality Systems, LLC (of Mississippi), Innovative Hospitality Systems, LLC (of Louisiana), and Luis De Castro, collectively referred to as "IHS", are the only Defendants remaining in this case. Though not readily apparent from the Complaint, the only claims Plaintiff asserts against IHS are those for tortious interference and injunctive relief. *See* Pl.'s Resp. at p. 1-2.

In the instant Motion, Defendants contend that because Plaintiff's claims rely almost exclusively on Defendants' alleged violations of federal laws, Plaintiff's Complaint fails to state a claim under Rule 12(b)(6), since none of the federal laws at issue provide for a private right of action, and since Plaintiff may not "stretch state law torts to include non-actionable violations of federal laws." Defs.' Mot. at p. 3. Defendants also argue that the Complaint is deficient in that it fails to set forth facts necessary to establish the numerous elements of the alleged state law tort claims. *See id.*

## II. DISCUSSION

A.   Applicable Legal Standard

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *See Baker v. Putnal* , 75 F.3d 190, 196 (5th Cir. 1996), *citing McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir. 1992).  "[T]he court may not look beyond the pleadings in ruling on the motion."  *Baker*, 75 F.3d at 197.  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff must provide the "grounds" of his "entitlement to relief," which requires more than labels and conclusions or formulaic recitations of the elements of a cause of action.  *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.*  at 1965.

"Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Id*. at 1969.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Id.* (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) *(overruled on other grounds)*).

B.   Federal Laws as Evidence of State Law Claims

The law is clear that where Congress did not intend to create a statutory

private right of action, private relief pursuant to that statute may not be afforded. *See California v. Sierra Club*, 451 U.S. 287, 297 (1981)(holding "[t]he federal judiciary will not engraft a remedy on a statute, no matter how salutary, that Congress did not intend to provide."); *see also State of La. v. Litton Mortg. Co.*, 50 F.3d 1298, 1302 (5th Cir. 1995)(finding "once we have concluded that Congress did not intend to create a private remedy, our inquiry is at an end."). Though a plaintiff may be barred from asserting a federal claim where no private right of action exists, a plaintiff is not barred from asserting a state law claim predicated on a violation of non-actionable federal law. *See Hofbauer v. Northwestern Nat'l Bank of Rochester*, 700 F.2d 1197, 1201 (8th Cir. 1983)(holding "[e]ven though [a plaintiff] cannot assert a private cause of action arising under federal law, the federal statutes may create a standard of conduct which, if broken, would give rise to an action for common-law negligence"); *see also Lowe v. General Motors Corp.*, 624 F.2d 1373, 1379 (5th Cir. 1980)(stating "[t]his Court has often held that violation of a Federal law or regulation can be evidence of negligence, and even evidence of negligence per se").

      Here, the Court is of the view that the Complaint does not assert any federal causes of action. Each cause of action contained in the Complaint is based upon state common or state statutory law. *See* Pl.'s Compl. at ¶¶ 24-40. "[T]he mere fact that the law which evidences negligence is Federal while the negligence action itself is brought under State common law does not mean that the state law claim metamorphoses into a private right of action under Federal...law." *Lowe*, 624 F.2d

at 1379.  It is insignificant to this 12(b)(6) analysis that Plaintiff–in stating its cause of action under state law–described behavior giving rise to alleged violations of federal law.  Simply describing conduct under a state law claim that could also implicate federal statutory law is not the same as explicitly bringing an action and seeking recovery under that federal law.  *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 918 (5th Cir. 2001).  Here, Plaintiff did not explicitly mention any federal statute or regulation in its Complaint, nor did it seek relief pursuant to any federal statute or regulation.

C.   Pleading Requirements of FED. R. CIV. P. 8(a)

Rule 8 of the Federal Rules of Civil Procedure governs federal pleading requirements and states, in part, that "[a] pleading which sets forth a claim for relief...shall contain...(2) a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).[2]  "Rule 8(a) does not require pleading specific facts in support of *each element* of plaintiff's *prima facie* case; instead, plaintiff must 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 438 (5th Cir. 2004)(emphasis added)(quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 507 (2002)(finding "pleadings need not state with precision all of the elements that

---

[2] Plaintiff asserts in its Response that the only claims remaining against IHS are those for tortious interference with business relations and injunctive relief.  Because Plaintiff does not assert any fraud-based causes of action against these Defendants, the heightened pleading requirements of Rule 9(b) are inapplicable.  *See* FED. R. CIV. P. 9(b).

are necessary to give rise to a legal basis for recovery as long as notice of the nature of the action is provided to the opposing party")). Further, the facts provided must be enough "to raise the claim to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1959 (2007). The Court finds that the facts set forth in Plaintiff's Complaint provide Defendants with adequate notice of its claims and are sufficient enough to state a plausible claim for relief. *See id.*[3]

For the above reasons, the Court is of the opinion that Plaintiff's claims survive Defendants' Rule 12(b)(6) challenge.

### III. CONCLUSION

Viewing the evidence in the light most favorable to Plaintiff, the Court finds that Defendants' Motion for Dismissal should be denied. Plaintiff does not allege any causes of action under federal laws or statutes, but instead permissibly sets forth state law claims through facts consistent with non-actionable violations of federal statutes. Further, Plaintiff has set forth facts sufficient to put Defendants on notice of its claims and to raise its right to relief above the speculative level.

---

[3] Defendants also assert that in the event their Motion is denied, Plaintiff should be ordered to make more specific allegations in its Complaint so that a determination of proper venue can be made. *See* Defs.' Mot. at p. 12-13. The Court finds that although Plaintiff's Complaint does not provide complete specificity, the facts provided are sufficient to state a claim under Rule 12(b)(6) and to provide requisite notice to Defendants under Rule 8(a). Moreover, at this juncture of litigation, discovery has been conducted and Defendants have been given the opportunity to ascertain any facts they claim were not contained in Plaintiff's Complaint. The Court therefore finds Defendants' request for a more definite statement is moot.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited more fully herein, the Motion [20] of Innovative Hospitality Systems, LLC (of Mississippi), Innovative Hospitality Systems, LLC (of Louisiana) and Luis De Castro, for Dismissal Under Fed. R. Civ. P. 12(b)(6), For a More Definite Statement Under Fed. R. Civ. P. 12(e), and For Dismissal Under Fed. R. Civ. P. 12(b), filed on April 6, 2006, and reasserted by Motion [92] filed on or about September 28, 2007, should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 10th day of December, 2007.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE